MERRITT, Circuit Judge,
dissenting.
The jury returned an unusual verdict saying that Haskell was “mentally hi” but did not meet the quite different standards for the insanity defense, a defense at odds with automatism. I believe that if Has-kell’s counsel had presented his automatism defense (a form of unconsciousness) as negating the mens rea or intent element of the case, the jury may well have returned a verdict of not guilty because of the absence of intent. By virtue of the failure of both Plunkett and Resnick, as counsel, to raise the automatism defense to the element of intent, the jury required Haskell to meet the different theory of insanity charged by the court as an affirmative defense.
This occurred-because neither lawyer in the case had any conception of how the particular mental illness should affect the elements of the crime and did not understand the mens rea requirement. The first lawyer, Plunkett, was a drug addict with a record of legal malpractice and completely ineffective as a lawyer in the case. He was confused beyond repair. He left the case immediately before the trial. The substitute lawyer was in a difficult situation in having but little time to prepare for the trial. Nevertheless, Res-nick should obviously have understood that the automatism defense went to intent or mens rea and did not support a standard for insanity under the Michigan law. It certainly did, however, negate the element *554 of intent under Michigan law. The fact that the jury returned the “mentally ill” defense strongly indicates that it accepted the automatism defense — the only “mental illness” raised in the case.
Usually the most important work of a criminal defense lawyer is to develop a plausible defense theory. Here, there was an obvious theory that would have negated intent as a result of “mental illness,” a fact that the jury found, but could not apply to insanity. The defense lawyers were so ineffective that they never gave the jury an opportunity to consider it as undermining intent. I would put that kind of lawyer malpractice on an equal plane with the lawyer who sleeps through the trial in the sense that the lawyer was unfocused on the case and therefore unable to make a rather obvious decision to use the type of “mental illness” the jury found to negate intent.
For purposes of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the failure to assert an obvious defense to an element of the crime — intent—constitutes deficient performance. Competence requires a basic conception of the elements of the crime and how lawyers must go about casting doubt on mens rea which the state has the burden of establishing. Instead counsel chose to carry the heavy burden of proving the affirmative defense of insanity which includes proof of the defendant’s lack of capacity to understand the difference between right and wrong. Where the jury finds the facts in favor of the automatism defense (“mental illness”) but is unable to apply it because defense counsel did not correctly point out the element of the crime that it would undermine, prejudice is clear. Lawyers can be incompetent because they do not understand the law as well as incompetent because they do not develop the facts.